REQUESTED BY: Dear Senator DeCamp:
In your letter of April 30th you take note of a newspaper article which reports that sales assessment ratios compiled by the Tax Commissioner show that real estate throughout the state was assessed at only about half the 35% of actual values specified by law. You ask a number of questions about the implications of this.
You ask whether this raises constitutional problems about the distribution of the Personal Property Tax Relief Fund. Your analysis is that the low assessment of real estate resulted in a higher mill levy. This, in turn, resulted in an apparently greater loss of personal property tax than actually occurred, since, had real estate been assessed properly, the lower mill levy applied against exempt personal property would have shown a smaller loss of revenue. You ask whether this is a denial of due process to `certain citizens' because of the supposed overreimbursement.
We are unable to see any constitutional problems in this respect. First, even if we were to assume the basic premise, we do not see what citizens could claim denial of due process. The determination to pay money to the political subdivisions, and the amount of that payment, are legislative ones, and we don't see how any citizen could show that he had been especially damaged to the extent that he was denied due process.
Further than that, of course, is the fact that your question rests on two basic assumptions which have not been judicially determined. First, it assumes that the sales assessment ratios referred to in the newspaper article reflect the ratio between actual values and assessed values. Our court has repeatedly pointed out the inadequacies and inaccuracies of sales assessment ratios. In County of Kearneyv. State Board of Equalization and Assessment, 183 Neb. 329,160 N.W.2d 179 (1968), the court discussed a number of factors which cast doubt on the validity of such ratios, and sustained the board in refusing to use them. In Carpenterv. State Board of Equalization and Assessment, 178 Neb. 611,134 N.W.2d 272 (1965), the court discussed at length the inaccuracies of sales assessment ratios, and said that the ratios compiled in that case were nothing more than the application of a statistical method to a mass of raw, unchecked, and uncertain information. See also Hanna v.State Board of Equalization and Assessment, 181 Neb. 725,150 N.W.2d 878 (1967), and County of Sioux v. State Boardof Equalization and Assessment, 185 Neb. 741,178 N.W.2d 754 (1970).
Furthermore, your question assumes that personal property has been assessed at 35% of actual value, although real estate has not been. While this may or may not be true, it has not been judicially established, and the presumption is that real estate and personal property have been equalized. It is the duty of the County Board of Equalization to equalize assessments in the county. If no appeal is taken from the action of the board, the court would probably say the presumption is conclusive, unless action was taken by the State Board. If no appeal is taken from either board, we suspect no one is in a position to claim there has not been equalization.
You also ask whether personal property taxpayers would have a claim against the state or county because they paid on a higher assessed value than real estate taxpayers did. While this may not be a proper question to answer for you, since it does not involve pending or proposed legislation, the answer is very simple.
Such taxpayers had a right to appeal from the action of the County Board of Equalization, and also from the action of the State Board of Equalization and Assessment. Having failed to do so, their rights, if any, are lost.
You ask whether the Legislature has an obligation or duty `to provide any funding for this reimbursement since they apparently are involved to some degree in causing this problem?' We are not sure what you mean. If you are asking whether the Legislature should furnish money to the counties to reimburse personal property taxpayers who must be repaid, our answer to the previous question eliminates that problem. If you are asking whether the Legislature should provide reimbursement to the counties by way of the Personal Property Tax Relief Fund, that, of course, is a legislative question, and not a legal one.
Your last question is whether it would be proper to hold up any payments or reimbursements on personal property until such time as these questions are resolved. If you are asking whether it would be proper for the Tax Commissioner or the State Treasurer to fail to follow the mandate of section77-202.42, R.S.Supp. 1978, which provides for distribution of the Personal Property Tax Relief Fund, obviously it would not be proper. They must follow the law until the law is changed or a court rules otherwise.
If you are asking whether it would be proper for the Legislature to take some action in this regard, by amendment of the statutes or by failing to appropriate the money, again, we cannot answer that question, which is purely a legislative one.